IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RACHEL SANDERS-COCHRAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:15-cv-878-TFM |
| | ) | [wo] |
| PRUDENTIAL INSURANCE | ) | |
| COMPANY OF AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

This action is assigned to the undersigned magistrate judge to conduct all proceedings and order entry of judgment by consent of all the parties (Docs. 14-16, filed 12/8/15) and 28 U.S.C. § 636(c). Pending before the Court is the *Joint Motion to Remand* (Doc. 13, filed 12/4/15). Upon consideration of the motion to remand, the Court finds the motion to remand is due to be **GRANTED**.

### I.  STANDARD OF REVIEW

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S.Ct. 1712, 1720, 135 L.Ed.2d 1 (1996). However, federal courts are courts of limited jurisdiction and possesses only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). Defendants, as the party removing this action, has the burden of establishing federal jurisdiction. *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)). Further, the federal removal statutes must be construed narrowly and doubts about removal must be resolved in favor of remand. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th

Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted).

## II. DISCUSSION

Since this lawsuit began in state court, the court's jurisdiction depends on the propriety of removal. Defendants asserted diversity jurisdiction as the basis for removal. Now, after considering Plaintiff's assertions and performing an independent investigation, defense acknowledges complete diversity does not exist. The Court notes the case appears to have been removed in good faith, but it is clear now the Court does not have jurisdiction given that ISI Alabama, a Division of Insurance Specialists, Inc. is incorporated in Alabama. As such, remand is appropriate.

## III. CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that:

(1) The *Joint Motion to Remand* (Doc. 13) is **GRANTED**.

(2) This case is **REMANDED** to the Circuit Court of Montgomery County, Alabama.

(3) Any other pending motions are left for resolution by the Circuit Court of Montgomery County, Alabama.

(4) The Clerk is **DIRECTED** to take appropriate steps to promptly effectuate the remand.

DONE this 14th day of December, 2015.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE